```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

GREAT WEST CASUALTY COMPANY    §
                               §
VS.                            §  CIVIL ACTION NO.4:05-CV-678-Y
                               §
OMNIFLIGHT HELICOPTERS, INC.,  §
et al.                         §
```

ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT, VACATING
CLERK'S ENTRY OF DEFAULT, AND DISMISSING DEFENDANT
COMPASS TRANSPORTATION & LOGISTICS, INC., FROM THIS CASE

Plaintiff Great West Casualty Company ("Great West") filed the above-styled and -numbered action seeking declaratory relief that it does not have a defense or indemnity obligation to defendant Compass Transportation & Logistics, Incorporated ("Compass"), in *Omniflight Helicopters, Inc., v. Omni Logistics, Inc., et al.*, a lawsuit pending in the 342nd Judicial District Court of Texas, Tarrant County ("the underlying lawsuit"). Great West also seeks declaratory relief that it does not have an obligation to pay a judgment against Compass to defendant Omniflight Helicopters, Incorporated ("Omniflight"), resulting from the underlying lawsuit.

Omniflight sued Compass along with Omni Logistics, Incorporated ("Omni"), and AOD Transport, Incorporated ("AOD Transport"), in the underlying lawsuit for damages to its 1982 Bell Model 206L helicopter. According to the allegations in the underlying lawsuit, Omniflight hired Omni to transport its helicopter from Mesa, Arizona, to Omniflight's place of business at Addison, Dallas County, Texas. Omniflight claims that, unbeknownst to it, Omni hired Compass and Compass in turn hired AOD Transport to ship the helicopter. Omniflight alleges that by the time it received

delivery of the helicopter, it had suffered massive irreparable damage. Omniflight brought the underlying lawsuit in state court against Omni, Compass, and AOD Transport for negligence.

At the time of the alleged loss, Compass had in place a property-damage insurance policy issued by Great West. According to Great West, Compass never informed Great West of the underlying lawsuit. Great West claims that the first notice it received came in the form of a demand letter for the policy limits of the insurance contract--not from Compass but from Omniflight. This occurred, according to Great West, over three years after the alleged loss of the helicopter.

Compass never appeared or filed an answer in the underlying lawsuit. Consequently, Omniflight obtained a default judgment against Compass. Being, then, a judgment creditor of Compass, the state court awarded

> the cause of action possessed or owned by [Compass] against insurer, [Great West], as a result of [Great West's] failure to defend and indemnify [Compass] under the terms and conditions of policy number CLP51581A, . . . to the Movant, [Omniflight].

In essence, Omniflight moved for and received an order from the state court transferring ownership in Compass's cause of action against its insurer, Great West, under the Texas Civil Practice & Remedies Code, section 31.002 (commonly referred to as the Texas turnover statute). The state court's order also directed Compass to deliver to Omniflight "any documents in its possession" relating to the insurance policy issued by Great West to Compass.

2

Just as in the underlying lawsuit, Compass has failed to make an appearance or file an answer in this case. Instead, Omniflight, "as a judgment creditor of Compass and as an assignee by judgment of any rights of Compass under the Great West insurance policy," filed an answer to Great West's complaint for declaratory judgment praying that it be denied. Omniflight also made a counterclaim against Great West "to recover the liability limits of the Great West policy, up to the amount of the judgment against Compass in the [underlying lawsuit]." Despite Omniflight's answer, Great West moved for an entry of default against Compass under FED.R.CIV.P. 55(a). And, over Omniflight's objections, the Court granted Great West's motion and ordered the clerk to enter a default against Compass.

Great West now files the instant motion requesting that the Court enter a final judgment in default against Compass under FED.R.CIV.P. 55(b)(2). Omniflight again opposes, arguing that, under the state court's order and the Texas turnover statute, it now owns Compass's cause of action against Great West for its failure to defend and indemnify Compass. Omniflight argues that it is "the proper party to litigate whether Great West had a duty to defend and indemnify Compass pursuant to the policy," and submits that it has appeared in this case.

After review of Great West's motion, Omniflight's response and Great West's reply, the Court concludes that the motion for default judgment should be DENIED, the clerk's entry of default against Compass VACATED, and defendant Compass be DISMISSED from this case.

3

In pertinent part, the Texas turnover statute provides,

> § 31.002. Collection of Judgment Through Court Proceeding
>
> (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>
> (1) cannot readily be attached or levied on by ordinary legal process . . .
>
> (b) The court may:
>
> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property . . .
>
> (d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

A cause of action is a property right that can be subject to turnover under the statute. *Main Place Custom Homes, Inc., v. Honaker,* 192 S.W.3d 604, 627 (Tex. App.—Ft. Worth 2006); *Charles v. Tamez,* 878 S.W.2d 201, 205 (Tex. App.—Corpus Christi 1994). The purpose of the Texas turnover statute was "to ascertain whether an asset is either in the judgment debtor's possession or subject to the debtor's control," and "to facilitate the collection of assets from the judgment debtor to the judgment creditor." *Republic Insurance Company v. The Honorable Richard W. Millard, Judge,* 825 S.W.2d 780, 783 (Tex. App.—Houston 1992). Thus, when the state court transferred to Omniflight, under the Texas turnover statute, Compass's ownership in its cause of action against its insurer Great West for its failure to defend and indemnify under its

insurance policy, Omniflight became the appropriate party to defend against Great West's complaint for declaratory relief. Great West has filed suit seeking declaratory relief that if granted, would make Omniflight's property interest in Compass's cause of action worthless. Accordingly, Omniflight has a right and standing to defend its property interest transferred to it under the Texas turnover statute.

Great West argues that the Texas turnover statute "is purely procedural in nature" and "does not allow for a determination of the substantive rights of involved parties." It is Great West's position that "to allow Omniflight to pursue a cause of action owned by Compass . . . would enlarge the turnover statute's scope beyond the procedural device contemplated by the legislation." But as discussed above, Compass no longer owns a cause of action against Great West—that was transferred to Omniflight in the state court's order under the Texas turnover statute.

Additionally, Great West's argument that the Texas turnover statute is purely procedural is misplaced. It is well settled that the Texas turnover statute is purely procedural in nature. *Id.* But this is a cause of action for declaratory relief, not a proceeding under the Texas turnover statute. *Cf. Resolution Trust Corp., v. Smith,* 53 F.3d 72, 80 (5th Cir. 1995)(reversing district court for deciding substantive issue of whether a stock pledge was fraudulent in a turnover proceeding under the Texas turnover statute). The state court's order transferring all property rights and interest in Compass's cause of action against Great West to

5

Omniflight did not decide any of the substantive issues in this case. All it did was discern whether Compass owned and possessed a cause of action to seek redress against Great West and then transferred Compass's ownership in that cause of action to Omniflight. There still remains the question as to whether that property interest actually holds any value. In other words, the state court order did not rule on whether Great West owed a duty or obligation to defend and indemnify Compass in that turnover proceeding. Had it done so, that surely would have been beyond the scope of the Texas turnover statute. Thus, by allowing Omniflight to defend its property interest would not "enlarge the turnover statute's scope," but rather, would champion its exact purpose.

Next, Great West argues that the Texas turnover statute did not give Omniflight ownership in or standing to bring its extra-contractual claims against Great West as set out in its counter-claims. Again, Great West's argument is misplaced. The instant motion is for a default judgment on Great West's claim for declaratory relief, not for a judgment on Omniflight's counter-claims. Whether the state court's transfer of Compass's cause of action against Great West to Omniflight under the Texas turnover statute gives Omniflight the right and standing to sue for any extra-contractual claims set out in its counterclaim is something Great West will have to address in an appropriate dispositive motion. What Omniflight does own is Compass's cause of action that is the subject of Great West's suit for declaratory relief. And that, Omniflight has standing to defend.

Finally, Great West argues that "irrespective of the turnover order," Omniflight cannot posses Compass's right to sue Great West in this matter pursuant to the principle enunciated in *State Farm Fire and Casualty Company v. Gandy,* 925 S.W.2d 696 (Tex. 1996). But that case addressed a settlement arrangement between the plaintiff and the defendant that assigned the defendant's cause of action against the defendant's insurance company to the plaintiff. In that case, Gandy sued her stepfather, Pearce, for acts of molestation, some of which occurred in Pearce's home. At the time of the alleged incidents, Pearce had a homeowner's insurance policy with State Farm. Although State Farm reserved its right not to cover him under the policy, it nevertheless undertook Pearce's defense. But unbeknownst to State Farm, Gandy and Pearce reached a settlement agreement. And in that agreement, Pearce agreed to a judgment and agreed to assign all claims that he had against his insurer State Farm to Gandy. In return, Gandy covenanted not to collect the judgment from Pearce.

The Texas supreme court invalidated the settlement and assignment as against public policy for two reasons: first, the agreement actually increased and prolonged the litigation rather than promoted its speedy and efficient resolution; and, second, the agreement "greatly distorted" and "confused" the positions of the parties because it removed any incentive for Pearce to oppose Gandy and actually made Pearce an ally of Gandy against State Farm. *Id.* at 712-13. As a result, the Texas supreme court held that settlement agreements containing assignments of this nature are

7

invalid if, (1) "it is made prior to an adjudication of plaintiff's claim against defendant in a fully adversarial trial;" (2) the defendant's insurer "had tendered a defense;" and, (3) either the defendant's insurer has accepted coverage or "has made a good faith effort to adjudicate coverage issues prior to the adjudication of plaintiff's claim." *Id.* at 714.

Here, there is no settlement agreement between Omniflight and Compass. Compass simply did not defend and Omniflight took a default judgment. As a result, Omniflight became a judgment creditor of Compass and exercised its rights under the Texas turnover statute to have Compass's ownership in its cause of action against Great West transferred to Omniflight. There is no prolonging or distorting of this or the underlying litigation—the issue remains the same: whether Great West has a duty to defend and indemnify Compass. Regardless of the transfer, Great West would still need that issue resolved.

And Compass has not been turned into an ally of Omniflight against its insurer. Although there wasn't a "fully adversarial trial" because Compass took a default judgment, that does not prohibit the state court from transferring Compass's property interest in its cause of action to Omniflight. What Compass's decision to take a default judgment rather than defend in the underlying lawsuit may affect, however, is to what extent, if any, Omniflight may be able to recover under the insurance policy. If, because of Compass's actions in the underlying lawsuit, Great West has no duty or obligation to defend and indemnify Compass,

8

Omniflight would not be entitled to recover under Compass's policy. All Omniflight received, and all the state court could transfer, is the property right in Compass's cause of action—not any entitlement to any relief.  The value of that cause of action will be determined by this litigation.  Thus, Great West's reliance on the "*Gandy* principle" is misplaced.

For the foregoing reasons, Great West's motion for a default judgment against Compass is DENIED.  The clerk's entry of default against Compass is VACATED and Compass is DISMISSED as a party to this litigation.  A review of the Court's docket shows that Great West has not filed a reply to Omniflight's counterclaims. Accordingly, Great West may file a reply no later than 20 days from the date of this order.

SIGNED November 13, 2006.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE